JUSTICE RICE,
concurring.
*504 ¶31 I concur in the Court’s decision and write to address a portion of the District Court’s analysis. In denying relief, the District Court noted that the City’s approach was to restrict new marijuana businesses but permit pre-existing businesses, and stated:
That policy coincides with an approach virtually everyone learned as a child and which has a long history in the law. That general rule could be paraphrased as follows: ‘It’s not fair to prohibit today that which was permissible yesterday without allowing to continue that which was permissible yesterday.”Thus, important facts in this case are those which demonstrate that Respondents were engaged in permissible conduct before the prohibition was put into place and that there was no expansion. The analysis need not continue after that conclusion.
If this were the extent of the District Court’s rationale, consideration of reversal would be necessary because the failure to “grandfather” existing businesses does not necessarily render new zoning impermissible. This might not be fair in the opinion of some, but it is the law. Municipalities regularly enact new zoning ordinances that may require pre-existing businesses to relocate. See TJS of New York, Inc. v. Town of Smithtown, 598 F.3d 17 (2d Cir. 2010). Thus, the legal analysis must continue beyond this conclusion.
¶32 The bigger problem in this case is its unusual posture. Typically, a municipality is seeking to enforce its ordinance, and the defending business challenges the validity of the ordinance, as in TJS of New York. Here, citizens are seeking to force the municipality to act, which, as the Court notes, is primarily a matter of the City’s discretion. Opinion, ¶ 25. It is therefore not susceptible to mandamus.